J. Michael Rediker, Haskell Slaughter Young & Rediker, LLC, Birmingham, AL (William K. Slaughter, Thomas L. Krebs, Michael K.K. Choy, J. Vernon Patrick, Thomas T. Gallion III, Page A. Poerschke, Vincent J. Graffeo, Haskell Slaughter Young & Rediker, LLC, Birmingham, AL; Leo, Kayser III, Haskell Slaughter Young & Rediker, LLC, New York, NY; John C. Jeffries, Charlottesville, VA), for Respondent–Appellant Retirement Systems of Alabama, of counsel.

Kevin Newsom, Solicitor General of the State of Alabama (Charles Campbell, Assistant Attorney General, Troy King, Attorney General of the State of Alabama, on the brief), Office of the Attorney General, Montgomery, AL, for Respondent–Appellant The Circuit Court for Montgomery County, Alabama, of counsel.

Jay B. Kasner (Susan L. Saltzstein, Cyrus Amir–Mokri, Steven J. Kolleeny), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, for Applicants–Appellees J.P. Morgan Chase & Co., J.P. Morgan Securities Inc., Bank of America Corp., and Banc of America Securities LLC, of counsel.

Martin London (Bruce Birenboim, Brad S. Karp, Eric S. Goldstein, Joyce S. Huang), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, for Applicants–Appellees Citigroup Inc. and Citigroup Global Markets Inc., of counsel.

Michael Moscato (Eliot Lauer), Curtis, Mallet–Prevost, Colt & Mosle LLP, New York, NY, for Applicant–Appellee Artbur Andersen LLP, of counsel.

* Because the Honorable Chester J. Straub recused himself prior to oral argument, this

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges.*

SUMMARY ORDER

The judgment of the District Court is reversed. The District Court's injunction is vacated. An opinion by the Court will be issued in due course. It is so ordered.

**Edwin A. TOWNE, Jr., Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 04–0714–PR.**

United States Court of Appeals, Second Circuit.

Aug. 25, 2004.

case was decided by a two-judge panel pursuant to the applicable law.

Elizabeth D. Mann (Angela L. Pitts, Research and Writing Specialist, Alexander Bunin, Federal Public Defender for the Districts of Northern New York and Vermont, on the brief), Federal Public Defender's Office for the Districts of Northern New York and Vermont, Burlington, VT, for Appellant, of counsel.

John M. Conroy, Assistant United States Attorney (David V. Kirby, First Assistant United States Attorney, Peter W. Hall, United States Attorney for the District of Vermont, on the brief), United States Attorney's Office for the District of Vermont, Burlington, VT, for Appellee, of counsel.

PRESENT: CABRANES, STRAUB and WESLEY Circuit Judges.

## SUMMARY ORDER

Edwin A. Towne, Jr., appeals the January 9, 2004 order of the District Court denying Towne's motion—filed "pursuant to Federal Rule of Civil Procedure 60(b) or any other available Rule or Remedy"—to vacate, set aside, or correct his 1988 federal convictions for possession of firearms as a felon. Towne asserted that his trial counsel failed to properly advise him on the benefits of a purported plea offer, in violation of his Sixth Amendment right to the effective assistance of counsel.

The District Court construed Towne's motion as an application—Towne's fifth—to file a second or successive 28 U.S.C. § 2255 petition and transferred the motion to this Court in accordance with the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, 110 Stat. 1214. By order dated September 20, 2001, we denied application to our Court as unnecessary and remanded the matter to the District Court for consideration of Towne's motion pursuant to Rule 60(b). *See Towne v. United States,* No. 01–3778 (2d Cir. Sept. 20, 2001) (order with respect to application for leave to file a successive § 2255 petition).

On remand, the District Court determined that Towne had articulated a reasonable basis for amendment of his original § 2255 petition, filed in 1993, and the Court proceeded to consider the merits of Towne's Sixth Amendment claim. After an evidentiary hearing, the Court, on January 9, 2004, denied Towne's motion. Towne timely appealed.

We believe, in retrospect, that Towne's so-called Rule 60(b) motion was, in effect, a successive habeas petition, and that Towne's characterization of the motion as one under Rule 60(b) "or any other available Rule or Remedy" was a deliberate end-run around the requirements for permitting successive habeas petitions. We recognize, however, that we are bound by the decision of a prior panel directing the District Court to consider the so-called Rule 60(b) motion. *See id.* Accordingly, we resolve the appeal on the merits, but we take this opportunity to alert other courts and panels of our Court of the possibility that motions by Towne not characterized as second or successive petitions nevertheless may seek to serve effectively in that manner.

On the merits, after considering the papers and arguments of the parties, we conclude, for substantially the reasons stated by the District Court, that Towne's motion should be denied. Accordingly, the order of the District Court is hereby AFFIRMED.